UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET MORENO-TORO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAKE STEVENS, et al.,<br><br>Defendants. | CASE NO. C13-1723JLR<br><br>ORDER GRANTING SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the court on Defendant City of Lake Stevens' ("Lake Stevens") motion for summary judgment. (*See* Mot. (Dkt. # 30).) Plaintiff Janet Moreno-Toro alleges that Lake Stevens police officers executed an unreasonable search and seizure of her residence while they were investigating a tip regarding a stolen generator. Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court GRANTS Lake Stevens' motion for summary judgment.

ORDER- 1

## II. BACKGROUND

The undisputed facts regarding the Lake Stevens police officers' interaction with Ms. Moreno-Toro are set forth in the court's October 14, 2014 order granting in part Defendants' first motion for summary judgment. (*See* 10/14/14 Order (Dkt. # 29) at 2-10.) The court incorporates those facts herein. In its October 14, 2014 order, the court found that the individual police officer defendants were entitled to qualified immunity for the 42 U.S.C. § 1983 claims asserted against them. (*See id.*) As to the state law claims, the court granted summary judgment in favor of both the individual police officer defendants and Lake Stevens. (*See id.*) Accordingly, at this time, the only claim remaining in the case is a Section 1983 claim against Lake Stevens under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). Lake Stevens now moves for summary judgment on the *Monell* claim. (*See* Mot.) Ms. Moreno-Toro did not file an opposition to Lake Stevens' motion. (*See generally* Dkt.)

## III. ANALYSIS

**A.    Summary Judgment Standard**

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where the moving party demonstrates (1) the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the moving party does not bear the ultimate burden of persuasion at trial, it can show the absence of an issue of material fact in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). The burden then shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In determining whether the factfinder could reasonably find in the nonmoving party's favor, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, summary judgment for the moving party is proper. *Nissan Fire*, 210 F.3d at 1106.

Ordinarily, under this district's local rules "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). In the summary judgment context, however, "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003) (citing Fed. R. Civ. P. 56).

## B.     *Monell* Claims

It is well-established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Instead, Lake Stevens may be held liable for its police officers' allegedly unconstitutional conduct only if Ms. Moreno-Toro demonstrates an injury resulting from the "execution of a government's policy or custom." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008).  Specifically, to establish a Section 1983 claim against Lake Stevens, Ms. Moreno-Toro must prove: (1) that she possessed a constitutional right of which she was deprived; (2) that Lake Stevens had a custom or policy; (3) that Lake Stevens' custom or policy amounts to deliberate indifference to her constitutional rights; and (4) that the custom or policy was the moving force behind the violation of her constitutional rights.  *See id.* (internal citations omitted); *accord Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1185-86, 1193-94 (9th Cir. 2002) (citing *Monell*, 436 U.S. at 694).  Ms. Moreno-Toro alleges two theories of *Monell* liability, neither of which can survive summary judgment.

### 1.  Affirmative Custom or Policy

First, Ms. Moreno-Toro alleges that Lake Stevens maintains an affirmative policy to "search now, obtain warrant later." (Am. Compl. (Dkt. # 16) ¶ 9.7.)  Ms. Moreno-Toro, however, has provided no evidence showing that any such policy actually exists.  The only incident Ms. Moreno-Toro has discussed is her own, and this incident alone does not constitute a Lake Stevens policy.  *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  "[P]roof of random acts or isolated events" does not rise to the

level of a custom or policy; rather, only a "permanent and well-settled" practice leads to municipal liability. *Thomson v. City of L.A.*, 885 F.2d 1439, 1443-44 (9th Cir. 1989). Because Ms. Moreno-Toro is unable to identify a relevant custom or policy, it goes without saying that she is also unable to show that any such policy was a moving force behind the alleged violation of her constitutional rights. As such, Ms. Moreno-Toro fails to raise a genuine issue of material fact regarding at least two elements of her *Monell* claim under this theory. Therefore, summary judgment for Lake Stevens is proper. *See Nissan Fire*, 210 F.3d at 1106.

### 2. Failure to Train

Second, Ms. Moreno-Toro alleges that Lake Stevens failed to train its police officers in the proper procedure for handling residential searches. (Am. Compl. ¶ 9.4.) "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.*

"'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 1360 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410 (1997)). In the context of a "failure to train" claim, a pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate the municipality's deliberate indifference. *Id.* After all, "[w]ithout notice that a course of

training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* Accordingly, a plaintiff proceeding under a "failure to train" theory must show that a municipality "disregarded the known or obvious consequence that a particular omission in their training program would cause [municipal] employees to violate citizens' constitutional rights." *Flores v. Cnty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014) (quoting *Connick*, 131 S. Ct. at 1359-60).

Ms. Moreno-Toro fails to put forth any evidence whatsoever regarding Lake Stevens' approach to training police officers, let alone evidence suggesting that this training is inadequate with respect to residential searches or otherwise. (*See generally* Dkt.) "Bare-bones allegations" regarding officers' training, however, are insufficient to establish municipal liability. *Sandoval v. Las Vegas Metro. Police Dep't,* 756 F.3d 1154, 1168 (9th Cir. 2014). Furthermore, Ms. Moreno-Toro identifies no pattern of similar constitutional violations by Lake Stevens police officers; rather, the only incident she discusses is her own. (*See generally id.*) As such, she is unable to show "deliberate indifference" on the part of Lake Stevens.[1] *See Connick*, 131 S. Ct. at 1360; *Flores*, 758 F.3d at 1159. Because Ms. Moreno-Toro fails to raise a genuine issue of material fact

---

[1] The Supreme Court has left open the possibility that there may exist a "narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference." *See Connick*, 131 S. Ct. at 1360. The Ninth Circuit has stated that for a failure to train to fall within that narrow range, the unconstitutional consequences must be "patently obvious." *See Flores*, 758 F.3d at 1160. The Supreme Court and the Ninth Circuit, however, have yet to identify any non-hypothetical failure to train that meets that standard. *See id.* Ms. Moreno-Toro's conclusory allegations—which do not even discuss the standard—necessarily fall short.

regarding at least two elements of her "failure to train" *Monell* claim, summary judgment for Lake Stevens is proper. *See Nissan Fire*, 210 F.3d at 1106.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Lake Stevens' motion for summary judgment (Dkt. # 30).

Dated this 10th day of November, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 7